MAX SEIDENBERG, Plaintiff, *v.* DUBOFF & DAVIES, INC., Defendant.

City Court of New York, Kings County, March 17, 1932.

*Sidney Moskowitz*, for the plaintiff.

*David H. Cohn*, for the defendant.

GEISMAR, J. This is a motion for summary judgment and to strike out defendant's answer. Since affidavits are submitted by both sides upon the facts as well as the sufficiency of the defenses, it is to be concluded that the motion is made under both rules 112

and 113 of the Rules of Civil Practice. The complaint alleges that plaintiff, as foreman of the upholstering department in defendant's plant, rendered services at an agreed wage per week for a period stated on account of which there is now due and owing to him the sum of $1,625, for which he demands judgment. The answer, after general denials, alleges that the sum is not due, because the plaintiff agreed with defendant, in consideration of his continuance in this employment, to waive all demand and liability " until such time that business conditions improve with the said defendant; " and that business conditions have not improved. Plaintiff now contends that such agreement even if made as alleged in said answer is void for illegality under the provisions of section 196, subdivision 2, of the Labor Law, which reads as follows: " Every other corporation or joint stock association, or person carrying on the business thereof by lease or otherwise, shall pay weekly to each employee the wages earned to a day not more than six days prior to the date of such payment." The phrase " other corporation " means every other corporation excepting a steam railroad, provision as to which is set forth in subdivision 1 of the same section. The affidavits submitted in behalf of defendant admit all the essential allegations of the complaint as to the terms of the original contract of employment, the services rendered and the liquidated amount due, so that the sole question of the legality of the contract alleged in the affirmative defense is squarely presented as a question of law. (1) This section of the Labor Law is constitutional as applying to New York corporations whose charters are subject to amendment or repeal. (*Erie R. R. Co.* v. *Williams*, 233 U. S. 685; 51 L. R. A. [N. S.] 1097, affg. 199 N. Y. 525; *New York Central & H. R. R. R. Co.* v. *Williams*, Id. 108, affg. 136 App. Div. 904.) As there is no defense in the instant case, that the charter of the defendant corporation is not subject to amendment or repeal, it must be held that the section applies to the defendant corporation. (2) I am constrained to hold in the instant case that the position of foreman in the upholstering department is such a position or employment as is included within the word " employee " as used to designate and denominate a class within the provisions of this section. The determinative test for purposes of differentiation between different classes of workers is to be found in the word " wages " as used in the statute. In *Austin* v. *City of New York* (258 N. Y. 113, 116) it is said: " The defendant lays the stress of its argument on the decision of this court in *Matter of Stryker* (158 N. Y. 526), construing a provision whereby a preference was granted to claims for wages due by an insolvent corporation to ' employees, operatives and laborers.'

In the construction of that statute the court denied a preference to a superintendent of a factory and to foremen of departments (p. 527). There is no magic in the word foremen. Whether it stands for a workman or for something else cannot be known in advance as a matter of dictionary definition without knowledge or heed of the conditions of the job (*Surace* v. *Danna*, 248 N. Y. 18, 21). The foremen in the *Stryker* case had charge of departments in a factory and were paid a monthly salary. The foreman in this case was a member of a union of workers, assigned to a gang and sharing its activities and perils. We said in the *Stryker* case that the dominant word in that statute was ' wages.' The question we put to ourselves was this: Did the claimant get a salary or was he paid at a rate and in an amount that would be characterized as a wage? If he got what was a wage, he was within the equity of the preference; if what he got was a salary, he would be held to be without it." (See, also, Opinions of the Attorney-General [1912], 538, 539.) (3) I am constrained to hold that the word " earned " as used in this statute has reference only to the complete performance of the work contracted to be done and cannot be construed to mean " due " or " payable " as under the provisions of a contract postponing payment so as to avoid the implications of the statute. The word " earn " or " earned," as it is used in this and other statutes *in pari materia*, seems to me to fall closely within the accepted definition as referring to a just return or recompense for labor, service of performance, so that, the moment the labor is done, the wages are " earned." Any other signification would seem to me to defeat and render nugatory the clear intendment of the statute. (19 C. J. 852, notes 71, 72 and 73.) Such statutes as these provide a standard of social justice and they are to be interpreted with the degree of liberality essential to the attainment of the end in view. (*Austin* v. *City of New York*, 258 N. Y. 113, 117.) It, therefore, follows that since the plaintiff is paid in compensation in the form of weekly wages and the defendant is a corporation such as is within contemplation of these statutory provisions, his wages, when " earned," must be paid in accordance with the statutory requirements, and all contracts, of which the one pleaded in the answer is an example, which seek to or work an avoidance of or disobedience to this statute are void for illegality. (Opinions of Attorney-General [1913], at pp. 165 and 585; *New York Central & H. R. R. R. Co.* v. *Williams*, 199 N. Y. 108; *Cato* v. *Grendel Cotton Mills*, 132 S. C. 454; 129 S. E. 203; 41 A. L. R. 439.) The motion is granted, with costs.

Order signed.