CHARLES LAJUETT, Respondent, *v.* COTY MACHINE COMPANY, INC., Appellant.

County Court, Jefferson County, November 3, 1934.

*Phelps & Hudson,* for the plaintiff.

*Clifton H. Landon,* for the defendant.

KIMBALL, J. The complaint alleges that plaintiff performed certain work, labor and services for the defendant which were reasonably worth the sum of $645.58 and for which the defendant promised to pay; that there is a balance of $411.58 due to the plaintiff on account of such services. The answer contains an admission that the services were performed, but denies the value thereof, and an agreement to pay as alleged in the complaint. The answer also sets up payment.

The controversy arises out of the terms and construction of a certain written contract between the defendant and a number of its employees, including this plaintiff. Practically the only question involved on this appeal is whether the contract in question is violative of the provisions of the Labor Law.

The contract was drawn by the treasurer of the defendant and is dated October 24, 1932. The contract is as follows:

" WATERTOWN, NEW YORK
" *October* 24, 1932.

" We, the undersigned employees of Coty Machine Company, Inc., individually and collectively in consideration for further work extended by Coty Machine Company, Inc., which would otherwise be impossible to extend at this time, at a uniform weekly wage rate of $12.00 per week per employee, as permitted by orders for machinery in process, in order that future employment may be extended as long as possible, and in order that Coty Machine Company, Inc. shall not be financially embarrassed in meeting such payrolls, agree with Coty Machine Company, Inc. as follows:

" 1. We agree to accept $12.00 per week per employee as our weekly wages for as long a period of time as we elect to work under this agreement, or for as long as it can be extended by Coty Machine Company, Inc.

" 2. The difference between said $12.00 per week per employee and our former wages, based on our standard rates, is to be paid to us as soon as Coty Machine Company, Inc. can do so without financial embarrassment, either in periodical installments or in a lump sum, as shall be determined by the financial condition of Coty Machine Company, Inc., especially with reference to the strength of its ready cash position.

" 3. We agree that no legal action or judgment shall be taken to force payment of said bonus before the time when the financial condition of Coty Machine Company, Inc. permits such payment, as arranged above, without financial embarrassment to Coty Machine Company, Inc. with especial reference to its ready cash condition."

Subdivision 2 of section 196 of the Labor Law provides: " Every other corporation or joint-stock association, or person carrying on the business thereof by lease or otherwise, shall pay weekly to each employee the wages earned to a day not more than six days prior to the date of such payment."

The plaintiff contends that the contract is illegal under the above section; that his wages were not simply twelve dollars per week, but were the amount previously received and that the difference was held back in contravention of the statute. The defendant takes the position that by the terms of the agreement the plaintiff's wages were definitely fixed at twelve dollars a week and the difference was in the nature of a bonus to be paid at some future time; that the contract is not violative of the section and that plaintiff should not recover.

There is no question but that the parties come within the provisions of section 196 of the Labor Law. There is no question but that whatever plaintiff's wages were, they were " earned " within the meaning of the law. There is no question that if plaintiff's wages were not paid as the law provides, he may maintain this action as the contract, if violative of the section, would be no defense. (*Seidenberg* v. *Duboff & Davies, Inc.*, 143 Misc. 167.)

The sole question is whether the difference between twelve dollars and the usual previous wage is a bonus or whether it represents deferred wages. If the latter, the judgment must be affirmed. If the contract is illegal, it is immaterial whether the defendant was financially able to pay or when. In construing the contract, it must, in case of ambiguity, be construed against the defendant whose officer prepared it. The intent of the parties must be gathered from the whole contract. Also, in determining whether the difference mentioned is " wages " or something else, we must look at what construction the defendant itself placed upon the contract.

After carefully considering this case, it is my opinion that the " difference " was not a bonus and was not intended to be a bonus. It represented deferred " wages " within the meaning of the statute. " Wages " is defined in Black's Law Dictionary (3d ed.) as " A compensation given to a hired person for his or her services; the compensation agreed upon by a master to be paid to a servant, or any other person hired to do work or business for him."

" Bonus " is defined by the same authority as " An extra consideration given for what is received. Something given in addition to what is ordinarily received by, or strictly due, the recipient."

The fact that the so-called difference was called a " bonus " in paragraph 3 of the contract does not make it such if, from a fair interpretation of the whole contract and the acts of the parties, it is plain they did not intend it to be such. Although the first paragraph of the agreement apparently fixed twelve dollars as the weekly wage of the plaintiff, the second paragraph fixes a different compensation, viz., the former standard rate; and the payment of the difference between twelve dollars and the full amount of the agreed compensation is deferred. The agreement for the full standard rate of wages is limited only as to the time of the payment of the difference. The contract itself recognizes that the defendant would owe the full amount of the standard rate of wages to the plaintiff. The time of payment is left indefinite. It can hardly be maintained that the plaintiff was giving his services for a wage of twelve dollars per week under this contract. He was agreeing to wait for the balance of his wages until the defendant was in a financial condition to pay it.

This view of the interpretation of the contract is borne out by the testimony of the defendant's foreman who testified that " the balance of their pay was to be paid to them when the company felt able financially to do so." The difference mentioned in the contract was not a bonus. It was a part of the agreed wages. This difference was strictly due to the plaintiff. The company contracted to pay it at a future time and thereby violated the statute.

The defendant recognized that the difference was not a bonus but was deferred wages. Each week when the plaintiff was paid twelve dollars, he received a slip from the defendant stating the amount due to him for that week, the amount paid on account and the balance due. The slip for the week ending October 29, 1932, is as follows:

" Amount wages.................................... $37 73
   Pd. on a/c....................................... 12 00

   " Balance due................................... $25 73 "

The slip for the week ending November 12, 1932, reads:
" Wages due...................................... $37 88
   Pd. on a/c...................................... 12 00

   " Balance due................................... $25 88 "

No more cogent evidence could be produced to indicate that the difference was wages and that the defendant so understood. The plaintiff could have maintained his action on the theory that the defendant was now financially able to pay. There could have been no defense to such an action except the financial inability of the defendant. If the contract is illegal, as I hold it is, then that defense is not available.

Judgment affirmed, with costs to plaintiff, respondent.