THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES VETRI, Defendant.

Court of Special Sessions held by a City Magistrate of the City of New York, Borough of Brooklyn, September 8, 1954.

*Jean Taylor* for Michael Lepore and others, complainants.

*Irving T. Wolfson* for defendant.

M. SOLOMON, M. This case came on for trial before me sitting as a Court of Special Sessions. All parties stipulated as to the facts.

The defendant is charged, as employer, with a violation of section 1272 of the Penal Law, in that he failed to pay " wages " due the complainants.

Section 1272 of the Penal Law (as amd. by L. 1941, ch. 809, eff. July 1, 1941) in its pertinent parts, provides: " Each person * * * who does not pay the wages of all his * * * employees in accordance with the provisions of the labor law is * * * guilty of a misdemeanor ".

Subdivision 2 of section 196 of the Labor Law provides: " Every person carrying on a business * * * shall pay weekly to each employee the wages earned to a day not more than six days prior to the date of such payment."

The complaint arises out of a collective bargaining agreement between the defendant and Truck Drivers Local Union No. 807, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Affiliated with the American Federation of Labor, Central Trades and Labor Council, and Building Trades Council of New York. It is a contract for hiring between defendant as employer, and complainants, as employees. Section 1 of said contract sets forth the " wage " per day, " wage Saturday ", " wage 5 days " and " overtime per hour." Section 14 provides for vacations and is set forth as follows:

" VACATIONS

(A) All employees covered by this agreement shall be allowed vacations which are to be determined in accordance with the following schedule:

| | | | |
|---|---|---|---|
| 30 days — 1 day vacation | | 175 days — 10 days vacation | |
| 60 days — 2 days " | | 190 days — 11 days " | |
| 90 days — 3 days " | | 205 days — 12 days " | |
| 120 days — 4 days " | | 220 days — 13 days " | |
| 145 days — 7 days " | | 235 days | |
| 155 days — 8 days " | | and over — 14 days " | |

(B) The pay for the vacations shall be made in advance and shall be based on the classification of work performed for the major portion of the yearly vacation qualifying period."

It is not disputed that pursuant to said agreement the complainants became entitled to certain " vacation pay ". The only dispute is whether the " vacation pay " constitutes " wages earned " under section 196 of the Labor Law. If it does, then the failure to pay the same constitutes a violation of section 1272 of the Penal Law.

" Wages " has been defined universally as payment made for manual labor or other labor of menial or mechanical kind, as distinguished from salary or fee. (*Matter of Stryker,* 158 N. Y. 526.)

In subdivision 9 of section 2 of the Workmen's Compensation Law " wages " is defined as " *the money rate at which the service rendered is recompensed under the contract of hiring in force* at the time of the accident, including the reasonable value of board, rent, housing, lodging or *similar advantage received from the employer* ". (Emphasis supplied.)

The word "earned" in section 196 of the Labor Law is defined in *Seidenberg* v. *Duboff & Davies* (143 Misc. 167, 169), as follows: " The word ' earn ' or ' earned ' as it is used in this and other statutes *in pari materia,* seems to me to fall closely within the accepted definition as referring to a just return or recompense for labor, service of performance, so that, the moment the labor is done, the wages are ' earned '. Any other signification would seem to me to defeat and render nugatory the clear intendment of the statute. (19 C. J. 852, notes 71, 72 and 73.) *Such statutes as these provide a standard of social justice and they are to be interpreted with the degree of liberality* essential to the attainment of the end in view. (*Austin* v. *City of New York,* 258 N. Y. 113, 117.) " (Emphasis supplied.)

Viewed in the light of the foregoing, " vacation pay " falls in the category of " wages earned " as used in section 196 of the Labor Law. Certainly, in order for the employee to be entitled to a day's " vacation with pay " he must have previously worked for thirty days or period as set forth in the schedule. In other words, at the completion of thirty days' work or period as specified in the schedule there immediately becomes due to the employee a day's wages. It is only the payment thereof which is to be paid at a future date. The amount of the said day's " vacation pay " has already been fixed by section 1 of the agreement itself. It is called " vacation pay " solely for the reason that the employee does not have to render services for the vacation period since he has already rendered the services prior thereto in order to become entitled to same.

Defendant's attorney makes much of the fact that the contract in question states " the pay for vacations shall be made in advance " and, therefore, cannot be considered as " wages earned ". There is no merit to that contention for the reason that it does not mean that the " vacation pay " is to be paid in " advance " of services to be rendered. The services had already been rendered. It simply means that the " vacation

pay " is to be paid at the commencement of the vacation period.

In a similar situation the Attorney-General held that where the employer has established an incentive wage plan, as permitted under its collective bargaining contracts with its employees, whereby they are paid in excess of the hourly rates for higher than normal rate of output of the required quantity, such earned incentive percentage being calculated monthly for group incentive jobs, such wage payment plan comes within subdivision 2 of section 196 of the Labor Law, since after determination of the ' earned incentive rate ' for the month, final adjustment is made within six days from the end of such month (1950 Atty. Gen. 168).

It seems to me that there is no difference in effect between the " earned incentive rate " which is to be paid at the end of the month and the " vacation pay " which is to be paid at the start of the vacation period. In both cases before the employee can be entitled to either payment he must have " earned " it pursuant to the wage contract.

Under our Federal and State tax laws, " vacation pay " must be reported as income for it is construed as part of wages or earnings for one full year consisting of fifty-two weeks. That being so, there can be no doubt that the same is considered as " wages earned."

Section 21 of the Penal Law provides: " § 21. *General rules of construction of this chapter.* The rule that a penal statute is to be strictly construed does not apply to this chapter or any of the provisions thereof, but all such provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law."

Section 1272 of the Penal Law must be read in conjunction with section 196 of the Labor Law. To give section 196 of the Labor Law its true interpretation, we must conclude that the " vacation pay " was considered as part of the wage compensation agreed upon under the written contract for hiring and only its payment was to be deferred. It is reasonable to infer that in the absence of such agreement as to " vacation pay " the employees would have demanded and received a greater wage per day than that agreed upon. The idea behind " vacation pay " is a protection to the employee against having his needed income stopped without even a day to meet emergencies, while he is enjoying his well-earned vacation.

The issue herein appears to be one of novel impression for research fails to disclose any New York reported cases on the subject in question. Therefore, it becomes necessary to look

to other jurisdictions for guidance. In the case of *Matter of Wil-low Cafeterias* (111 F. 2d 429, 432), the court held that " A vacation with pay is in effect additional wages." (See, also, *Matter of Public Ledger,* 161 F. 2d 762.)

It is also important to note that, effective July, 1952, the Legislature amended section 71 of the Stock Corporation Law by making the stockholders of corporations liable to their employees for the failure to pay " vacation wages ". (L. 1952, ch. 794.)

Accordingly, I find that the defendant has violated section 1272 of the Penal Law and is, therefore, found guilty. Defendant is directed to appear for sentence on the 17th day of September, 1954, at 10 A.M., in the East New York Part of the Second District, 127 Pennsylvania Avenue, Brooklyn, New York.