The PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT PATER-NOSTER, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, adjudging appellant to be a youthful offender and from the sentence imposed. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK SMITH, Appellant.— Defendant appeals from an order of the County Court, Queens County, denying his motion to vacate a sentence as a second felony offender and to impose a sentence as a first offender. Defendant claim that his sentence as a second offender is erroneous in that the jury's verdict on his prior conviction, finding him guilty of both the larceny and criminal receiving of the same goods, is inconsistent. Order affirmed. No opinion. Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM THOMPSON, Appellant.— Defendant appeals from a judgment of the court of Special Sessions of the City of New York, Borough of Queens, convicting him of violation of section 1897 of the Penal Law, and from the sentence imposed. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES VETRI, Appellant.— Judgment of a City Magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of section 1272 of the Penal Law (payment of wages), affirmed. No opinion. No separate appeal lies from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Schmidt, Beldock and Murphy, JJ., concur; Wenzel, J., dissents and votes to reverse the judgment of conviction and to dismiss the information, with the following memorandum: Subdivision 2 of section 196 of the Labor Law provides that an employer " shall pay weekly to each employee the *wages* earned to a day not more than six days prior to the date of such payment." Section 1272 of the Penal Law provides that such employer " who does not pay the *wages* of * * * his * * * employees in accordance with the provisions of the labor law is * * * guilty of a misdemeanor ". The collective bargaining agreement here involved, in providing for " vacations " states, " The *pay* for the vacations shall be made in advance ". The words " wages " and " pay " are not synonymous, and a penal statute must be strictly construed. (Emphasis supplied.) In any event the failure to render to an employee " pay " for a vacation under the terms of a union contract is not a violation of the word or intent of section 1272 of the Penal Law. [206 Misc. 640.]