Harold J. Dittelman, J.
Plaintiff brings this action to recover accrued vacation credit alleged to he due. Plaintiff was attracted to defendant’s employ by an advertisement in a local newspaper. After an interview, at which time he was advised of compensation and the company fringe benefits including two weeks’ vacation pay, plaintiff was hired by defendant in February, 1962 and continued to work until he voluntarily left without giving notice in April, 1964. Defendant computes vacation credits on the basis of one day vacation for *907 each 25 days of work from May 1 to April 30 after the first year, and one and one-half days vacation for each 25 days after the second year. On this basis plaintiff had accrued vacation credits to his termination in the amount of $198. Defendant refuses to pay to plaintiff said amount on the ground that plaintiff forfeited his right to the accumulated vacation pay because he failed to give two weeks’ notice as required by company rules. The company rules provide for the payment of ' ‘ his accumulated vacation when he leaves the company if * * * he gives two weeks’ notice ” but “ the employee will not receive accumulated vacation if * * * he quits without notice Plaintiff denied ever receiving any notice of these rules and defendant’s witness who interviewed plaintiff could not recall whether he so informed this plaintiff of these rules. These rules were not posted and the only copy thereof was kept in a manual in the company office.
The court finds that plaintiff did not have knowledge or notice of these rules since they were not told to him nor were they posted in a convenient place or published so as to place him on notice of them.
This case is apparently one of first impression in New York and the cases cited by plaintiff and defendant, while aiding the court, are not dispositive of the issues since they involve written contracts of employment.
Upon plaintiff’s hiring there was an employment contract, terminable at will, entered into between plaintiff and defendant. In this State, where the hiring is at will the employer has the right to discharge and the employee the right to leave at any time (Watson v. Gugino, 204 N. Y. 535; Martin v. New York Life Ins. Co., 148 N. Y. 117) without the giving of advance notice (National Cash Register Co. v. Remington Arms Co., 212 App. Div. 343, affd. 242 N. Y. 99).
The question now arises whether an employee is bound by his employer’s rules which require the giving of notice in order to be entitled to vacation credits although he does not have notice thereof. There is a paucity of cases in New York on this question; however, an examination of the case law from other jurisdictions aids in determining the answers. While it is stated that customs and usages of a particular employer may form part of the employment contract, they must be known to the employee at the time the contract is entered into. (25 C. J. S., Customs and Usages, § 9, subd. b, p. 88.) Regulations of employers which require the giving of notice of intention to leave must be shown to be binding upon him as part of the employment contract. While an employee is expected, to obey all reasonable *908 rules of his employer incidental to his employment (Dixey v. Punch & Judy Theatre Co., 165 N. Y. S. 357), he must have knowledge thereof or he chargeable with notice of them at the time of entering into his employment. (Quinn v. Brooklyn Hgts. R. R. Co., 91 App. Div. 489; 56 C. J. S., Master and Servant, § 75, p. 499.)
In the Quinn case (supra) plaintiff employee brought an action for personal injuries due to defendant’s negligence predicated on the absence of work rules for the protection of employees while making repairs. The defendant contended that it had such work rules which were in a manual in the office of the foreman; however, plaintiff testified that he had no knowledge of these rules. The court stated that “ Certainly rules which exist only in a book kept in the office of a shop foreman cannot, be said to be controlling upon a man who has never seen or heard of them * * * If there were any rules which had come to the notice of the plaintiff, and he had disregarded these rules, he could not recover; but it was clearly incumbent upon the defendant to show that these special rules * * * were brought to the knowledge of the plaintiff, in order to defeat his recovery ”. (91 App. Div. 492-493.) In the case at bar, since plaintiff had no knowledge or notice of the rule requiring notice of leaving the court determines that it did not form a part of the employment contract and plaintiff is not bound thereby.
The court wishes to make one further observation. Defendant contends that plaintiff is not entitled to his vacation time and distinguishes vacation time from vacation pay. While there is a distinction between vacation time and vacation pay, the former of which can be waived (Matter of Crocker v. Sturgis, 175 N. Y. 158) and the latter being additional compensation, in the case at bar there seems to be some inconsistency as to how defendant views the vacation credits. A portion of the rules reads as follows: ‘ ‘ An employee shall receive vacation payments per shift in addition to his or her hourly wage.” Thereafter the rules provide that if notice of leaving is given “accumulated vacation” will be paid, while if no notice is given same will be forfeited. It would seem that the defendant treats vacation payments as additional compensation. Surely this is not novel in that throughout the business community vacation pay, accident and health insurance, pension plans and severance pay have all become part of the concept of compensation together with the actual wages paid. Viewed as compensation, any forfeiture thereof would require knowledge of the rule by the employee. (56 C. J. S., Master and Servant, § 104, *909 subd. c, p. 536.) It has also been held that earned compensation cannot be forfeited by an employee’s willful termination of employment (Wolin v. Perlco Venetian Blind Corp., 180 Misc. 544; Maloney v. Jarco Metal Prods. Corp., 144 N. Y. S. 2d 128.)
It may also be observed that while it is customary for an employee to give notice when leaving employment, notice is given only as a matter of courtesy.
Under the circumstances, the company rule requiring notice of termination to be entitled to vacation credits, was not binding on plaintiff since he had no knowledge or notice of it.. Therefore, defendant’s motion to dismiss the complaint is denied and judgment is awarded plaintiff in the amount of $198, together with costs and disbursements of $7.