Memorandum.
The vacation plans at issue, resulting from agreements between employers and unions, are reasonably within the scope of article III-A of the Insurance Law requir *565 ing registration with the Superintendent of Insurance and examination and reports respecting the plans as “ employees’ welfare funds ”.
Such a fund is defined as a means of providing “ employee benefits, by the purchase of insurance or annuity contracts or otherwise This plainly means a fund not established through insurance or annuity contracts as well as funds established by these means; and hence it means a fund established directly by employer contributions to trustees.
And the ‘ ‘ benefits ’ ’ could include vacations under the statutory definition. A list of some benefits is stated, e.g., “ medical, surgical or hospital care” and “ unemployment ” protection. But the definition is expressly “ not limited to ” that list.
The underlying reason for the enactment of article III-A (L. 1956, ch. 774) was the protection from irregularities of welfare funds by registration with, reports to and examination by the Superintendent. The proof submitted shows that irregularities have been found in other vacation fund plans by the Superintendent’s examination and that it has been the uniform administration interpretation as well as the Attorney-General’s opinion that such plans were within the scope of article III-A (1963 Opns. Atty. Gen. 35).
The orders restraining defendant Superintendent of Insurance in each proceeding from compelling plaintiffs trustees to register their respective vacation funds, and pursuing remedies or sanctions against plaintiffs should be reversed and summary judgment directed for defendant, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
In each case: Order reversed, without costs, and summary judgment directed for defendant in a memorandum.