■ THOMAS M. WATSON, Respondent, v PRENTICE-HALL, INC., Appellant. —Order unanimously affirmed, with costs. Memorandum: Plaintiff alleges that he commenced working as a commission salesman for the defendant on October 1, 1968, that defendant agreed to pay plaintiff a yearly incentive bonus in addition to a biweekly salary, which bonus would be based upon the volume of sales and the production of manuscripts for publication, that plaintiff met the requirements and earned a bonus for the bonus year 1969 to 1970 in the amount of $932 and that defendant failed to pay plaintiff's bonus for that year, thus violating section 191 (subd 1, par c) of the Labor Law. As a second cause of action plaintiff asserts that defendant agreed to pay the bonus at the time plaintiff terminated his employment. In an affidavit defendant's attorney states that plaintiff was employed by defendant from August 19, 1968 to January 29, 1971 as a field representative and that the contractual terms of the bonus plan made known to and accepted by plaintiff required that plaintiff be employed by the defendant when the bonus checks were issued, notwithstanding that the bonus had been earned during the entire bonus year in question. Plaintiff concededly was not employed by defendant when the bonus checks were issued. Contracts or contractual provisions in violation of section 191 and its predecessor concerning the frequency with which employers must pay the wages earned by employees are void *(People v Vetri,* 309 NY 401; *People v Grass,* 257 App Div 1; *LaJuett v Coty Mach. Co.,* 153 Misc 410; *Seidenberg v Duboff & Davies,* 143 Misc 167). Section 191 (subd 1, par c) of the Labor Law requires the employer to pay bonuses at a date no later than that specified in the agreement between the employer and employees. There is no date specified for the payment of the earned bonuses in the regulations of defendant's bonus plan. The bonus plan states that normally bonuses will be paid between January 1 and February 15; however, no requirement is placed on the employer and no assurance is given to the employee that the payment be made between those dates. Thus a large measure of discretion resides with the employer as to when the earned bonuses will be paid. Such uncertainty as to the date of payment and in addition as to the actual right to the bonus is contrary to the intent of the Labor Law. The statute provides that the employer may only postpone payment of a bonus beyond the month following the month it is earned where it is an addition to substantial regular salary and commission payments and then only if it is paid on the dates specified in the agreement. Since there is no date specified in the agreement, the bonus should have been paid the last day of the month following the month in which it was earned, which would be the last day of October, 1970 as the bonus was earned by September 30, 1970, being the last day of the bonus year. Plaintiff properly alleges a cause of action for its recovery. We make no determination as to the propriety of Special Term's denial of plaintiff's motion for summary judgment, no appeal having

been taken by plaintiff from such denial *(People v Consolidated Edison Co. of N. Y.,* 34 NY2d 646, 648). (Appeal from part of order of Onondaga Supreme Court denying motion for summary judgment.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.