■ In the Matter of HORN & HARDART COMPANY et al., Petitioners, v PHILIP ROSS, as Industrial Commissioner of the State of New York, et al., Respondents.—In this article 78 proceeding transferred to this court, the order and determination of the Industrial Board of Appeals entered November 17, 1976, which found petitioners liable for pension payments to certain retired employees, unanimously modified, on the law, to strike the provision to expand the scope of the order to include retirees similarly situated, and otherwise confirmed as modified, without costs and without disbursements. In 1964, the Horn & Hardart Company adopted a noncontributory funded pension plan paying a maximum of $100 per month, wherein they reserved the right to terminate the plan as to future payments. Finding itself in financial difficulties, the company in 1972 so terminated the plan although it continued thereafter to make payments of not more than one quarter. Four of the pensioners complained in 1972, and a hearing was held result-

ing in an order by the Industrial Commissioner requiring payment of the unpaid benefits to the four claimants. The company then sought review by the Board of Standards and Appeals, the predecessor of the Industrial Board, but the company's motion to set aside the order as beyond the jurisdiction of the commissioner was denied. An article 78 proceeding was then instituted, and the petition was dismissed, with this court affirming the judgment for the reasons stated by the Justice at Special Term (see *Matter of Horn & Hardart Co. v Levine,* 52 AD2d 552). The holding was that judicial review was not warranted until all administrative remedies had been exhausted. On this present appeal, the petitioners contend that the Industrial Commissioner had no jurisdiction. However, this court would not have mandated action in the administrative area if there was no jurisdiction there. While *Chemical Workers v Pittsburgh Glass* (404 US 157), held that retirees were not employees for the purpose of collective bargaining, subdivision 2 of section 198-c of the Labor Law includes "retirement benefits" within the "wage" jurisdiction of the commissioner. Further, there was substantial evidence through a booklet distributed to these employees that "lifetime pensions" were promised, and the fact that the company would have the power to terminate was not brought home to their employees. Accordingly, the order of the Industrial Board was neither arbitrary nor capricious with respect to the specific issue before it. However, it went further and held the order applicable to all those retirees similarly situated. This was not contemplated in the original determination by the court. Further, the protection of employee pension and retirement funds is now covered by the Employee Retirement Income Security Act of 1974 (ERISA) (US Code, tit 29, § 1001 *et seq.),* effective January 1, 1975. Although causes of action arising before that effective date continue to be within the realm of state regulation, see *Azzaro v Harnett* (414 F Supp 473), one should not undertake to apply its beneficent approach retroactively in a manner similar to a class action. Concur—Murphy, P. J., Kupferman and Lane, JJ.; Lupiano, J., concurs in the result only.