OPINION OF THE COURT
D. Vincent Cerrito, J.
The petitioner has commenced this CPLR article 78 proceeding to annul a determination of the respondent which affirmed an order to comply of the Industrial Commissioner which directed the petitioner to comply with the provisions of section 198-c of the Labor Law by the payment of $1,330 to the Industrial Commissioner on behalf of five former employees. The reason why this order was rendered was due to the alleged failure of the petitioner to pay vacation pay to these employees.
*649 The petitioner disclaims liability for payment under the order by reason of its vacation policy. This policy provides that an employee is entitled to vacation pay for one, two or three weeks depending on the amount of time he has been
employed. The policy further provides that if an employee quits prior to the company vacation, which is a shutdown period in July and December, then that employee is not entitled to vacation pay. These five employees had all been employed by petitioner for a sufficient length of time so that they were entitled to vacation pay, however, all of them terminated their employment before the July or December shutdown periods. As a result they did not receive their vacation pay.
In its decision, the respondent held petitioner’s vacation policy to be void and unenforceable as being contrary to the public policy of the State because it leads to a forfeiture of earned vacation pay.
It is this holding which petitioner is asking the court to review in this proceeding.
Initially, the court may decide this matter since the findings of fact are undisputed and only a question of law is presented. (Matter of Dumbleton v Reed, 49 AD2d 687, mod on other grounds 40 NY2d 586.)
Section 198-c of the Labor Law provides: "any employer who is a party to an agreement to pay or provide benefits or wage supplements to employees * * * and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor * * * 2. As used in this section, the term 'benefits or wage supplements’ includes * * * vacation * * * pay.”
Whether an employer’s policy which results in the forfeiture of earned vacation pay is enforceable in view of the provisions of this section is an issue which has not been judicially scrutinized. However, there is an analogous case involving section 191 (subd 1, par c) of the Labor Law which requires an employer to pay bonuses at a date no later than that specified in the agreement between the employer and employee. (Watson v Prentice-Hall, 50 AD2d 1077.)
In Watson, the employee had earned a bonus which the employer failed to pay because of a contractual provision in *650 the bonus plan which required an employee be employed by the employer when the bonus checks were issued, notwithstanding the fact the bonus had been earned during the entire bonus year in question. Although the employee was not employed when the bonus checks were issued, the court held that he was entitled to his bonus because contracts or contractual provisions in violation of section 191 of the Labor Law are void. The unstated rationale being that such provisions frustrate the object of article 6 of the Labor Law which is to give wage earners protection to their right to receive wages from their employers. (McKay v Stewart, 35 AD2d 556, revd on other grounds 29 NY2d 563.)
The court cannot discern any difference between this case and Watson (50 AD2d 1077). Here, these employees were entitled to vacation pay and the only reason they did not receive it was because of their employer’s policy that they be employed at the time of the company shutdown. Since such a policy deprives employees of earned income, it frustrates the object of section 198-c of the Labor Law and is thus void.
Accordingly, this petition is dismissed.