In the Matter of GLENVILLE GAGE Co., INC., Appellant, v INDUSTRIAL BOARD OF APPEALS OF THE STATE OF NEW YORK, DEPARTMENT OF LABOR, Respondent.

Third Department, October 25, 1979

### APPEARANCES OF COUNSEL

*Gordon, Siegel, Mullaney & Gordon (Arnold M. Gordon* of counsel), for appellant.

*Robert Abrams, Attorney-General (Carl E. Stephan, Shirley*

*Adelson Siegel* and *William J. Kogan* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

It is undisputed that five former employees of the petitioner left their employment after being eligible for vacation, but before the period actually set for the vacation period. The employees were denied any payment by the petitioner for such vacation which had been unpaid as of the date the employment terminated.

The former employees filed claims for unpaid wage supplements with the Department of Labor and the Industrial Commissioner ordered the petitioner to comply with section 198-c of the Labor Law by paying the vacation pay claimed. The petitioner appealed to the respondent Industrial Board of Appeals. The board found that requiring employees to "forfeit" vacation pay or time unless employed at vacation periods is against public policy and void and on that basis it upheld the order to comply.

The petitioner was understandably dissatisfied with the board's decision and so it commenced a proceeding pursuant to CPLR article 78 to review the determination. Special Term found that vacation benefits are analogous to bonuses, which are subject to section 191 (subd 1, par c) of the Labor Law and, relying upon the case of *Watson v Prentice-Hall, Inc.* (50 AD2d 1077), it found that the forfeiture "frustrates the object of section 198-c of the Labor Law and is thus void." *(Matter of Glenville Gage Co. v Industrial Bd. of Appeals of State of N. Y., Dept of Labor,* 95 Misc 2d 648, 650.)

Upon this appeal, the petitioner primarily contends that as a matter of law a requirement that employees be employed as of specific times in order to collect vacation benefits is not against public policy and is not void.

This court recently held in the case of *Matter of Ross v Specialty Insulation Mfg. Co.* (71 AD2d 766) that the accrual of vacations was a matter of agreement to provide such benefits. The employer's president testified that his agreement was embodied in a written notice to employees which provided in pertinent parts as follows:

1 YEAR OF EMPLOYMENT—YOU ARE ENTITLED TO 1 WEEK VACATION WITH PAY.

2 YEARS OF EMPLOYMENT—YOU ARE ENTITLED TO 2 WEEKS VACATION WITH PAY.

5 YEARS OF EMPLOYMENT—YOU ARE ENTITLED TO 3 WEEKS VACATION WITH PAY.

ALL EMPLOYEES WHO ARE TERMINATED OR QUIT BEFORE VACATION PERIODS FORFEIT THEIR VACATION PAY.

JULY 4TH IS PART OF YOUR PAID VACATION.

Although the president testified that each employee received a copy of the notice and that it was posted on a bulletin board at the employment premises, the two complaining employees who testified denied any knowledge of the notice. However, both employees testified that the first vacation period always commenced the week of July 4th and that a second period was customarily at Christmas time. Also, the employees both stated that they knew that the employer had a custom of not paying any employee who terminated his employment before the vacation periods for any accumulated vacation. Unlike the *Specialty Insulation* case *(supra),* the present record establishes an agreement by the employer to provide vacation benefits.

However, as in the *Specialty Insulation* case, the present record conclusively establishes that employees who were not in employment at the time of vacation periods were excluded from the agreement as to the actual receipt of vacation benefits.

Subdivision 1 of section 190 of the Labor Law provides, in part: "The term 'wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

Subdivision 2 of section 198-c of the Labor Law provides: "As used in this section, the term 'benefits or wage supplements' includes * * * vacation, separation or holiday pay."

Subdivision 1 of section 191 provides, in part: "Every employer *shall* pay wages in accordance with the following provisions" (emphasis supplied).

Subdivision 3 of section 191 provides: "If employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section. If requested by the employee, such wages shall be paid by mail."

It, therefore, appears it was the legislative intent that "vacation pay" was not included in "wages" for the purpose of the mandatory provisions of section 191 as to the time of payment of wages upon the termination of employment.

The Industrial Board of Appeals found that "as a matter of law that an agreement to forfeit earned vacation pay is void and unenforceable, as being contrary to the public policy of the State of New York".

Its opinion is premised primarily upon the factual pattern and fails to recognize that the requirements of section 191 of the Labor Law were excepted from agreements as to the payment of vacation pay upon termination of the employment. Its reliance upon *De Vita v Rand McNally & Co.* (44 Misc 2d 906) is misplaced. There the court found (p 907) "that plaintiff did not have knowledge or notice of these rules since they were not told to him nor were they posted in a convenient place or published so as to place him on notice of them."

There is no such finding herein. The evidence establishes that the employees had general knowledge of the practice of the employer with reference to vacation pay.

*Watson v Prentice-Hall, Inc.* (50 AD2d 1077, *supra)* and *McKay v Stewart* (35 AD2d 556, revd on other grounds 29 NY2d 563), relied upon by Special Term, are not controlling.

In *Matter of Ross v Specialty Insulation Mfg. Co.* (71 AD2d 766, *supra),* this court approved agreements requiring that an employee be in employment on a certain date in order to receive vacation pay. In view of that holding, the board in the present case has not established a rational basis for holding that the contingency established by the employer herein is against public policy. All that is required by section 198-c is that an employer abide by the terms of his agreement to provide benefits. Further, there is no substantial evidence in this record which could support a finding that the employees were not aware of the vacation pay policy of the employer regardless of their precise knowledge of an agreement at the time they commenced their employment. (Cf. *Matter of Horn & Hardart Co. v Ross,* 58 AD2d 518.)

The judgment should be reversed, on the law, without costs, the determination annulled, and the matter remitted to the Industrial Board of Appeals for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, STALEY, JR., and MAIN, JJ., concur.

Judgment reversed, on the law, without costs, determination annulled, and matter remitted to the Industrial Board of Appeals for further proceedings not inconsistent herewith.