■ LARRY EDLITZ, Respondent, v NIPKOW & KOBELT, INC., Appellant. [694 NYS2d 439] —In an action to recover damages for breach of an employment contract, the defendant appeals from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered July 15, 1998, as granted those branches of the plaintiff's motion which were for summary judgment on the first, third, and fourth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under an employment contract between the plaintiff and the defendant, the plaintiff was entitled to a 1 and $\frac{1}{2}$% commission on all sales made by Loomtex, a subsidiary of the defendant corporation, and all over-the-counter sales made by the defendant or its retail divisions after March 17, 1993. The plaintiff's employment ended June 2, 1995, and the plaintiff is seeking to recover commissions of $23,284.50, travel expenses of $74.85, and $3,000 withheld from the plaintiff's wages due to a customer's failure to pay the defendant.

The plaintiff moved for partial summary judgment and submitted the sales records supporting the claimed commissions and travel expenses. Upon this showing, the burden shifted to the defendant to demonstrate an issue of fact requiring a trial. The defendant, however, presented only conclusory statements and allegations, which are insufficient to defeat a motion for summary judgment, to support its assertion that the plaintiff is not owed any commissions or travel expenses (*see, Zuckerman v City of New York,* 49 NY2d 557; *Orix Credit Alliance v Grace Indus.,* 232 AD2d 464). Summary judgment was, therefore, appropriately granted on the first and third causes of action.

The deduction by the defendant of $3,000 from the plaintiff's wages violated Labor Law § 193, and summary judgment was, therefore, properly granted on the fourth cause of action (*see,* Labor Law § 193; *Matter of Hudacs v Frito-Lay, Inc.,* 90 NY2d 342). O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.