OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by reducing the award to plaintiff to the principal sum of $631.97; as so modified, affirmed without costs.
After the plaintiff voluntarily resigned his position with defendant, plaintiff commenced the instant small claims action to recover the value of his accrued vacation and personal days as well as his salary for one week which had not yet been paid.
*801 There is a distinction between vacation pay and vacation or personal time. While vacation pay is considered additional compensation for labor, the right to receive vacation or personal time is waivable (see, Matter of Croker v Sturgis, 175 NY 158; De Vita v Rand McNally & Co., 44 Misc 2d 906). Any rights incidental to vacation time, such as the option to receive payment in lieu thereof or the carrying over of same to the following year, are dependent on the employment contract. As the plaintiff failed to establish that the employment contract required defendant to pay its employees for unused vacation and personal time, plaintiff was not entitled to receive payment for any unused time. However, the record establishes that the plaintiff was entitled to recover unpaid salary less the offsets he conceded at trial.
Coppola, J. P., Doyle and Colabella, JJ., concur.