OPINION OF THE COURT
George R. Peck, J.
*520 The defendant’s motion for summhry judgment and the plaintiffs’ cross motion for summary judgment are determined as follows:
Plaintiffs, as a class, are suing to recoup monies which they maintain were improperly withheld by the defendant. These funds fall into two categories. The first they claim are illegally imposed “charge backs”; the second is the failure to pay for accrued vacation time. i
Findings of Fact
The employment duties of the plaintiffs centered around the obtaining and renewing of subscriptions for advertisements, which can be placed in the defendant’s directory, the Yellow Book. The plaintiffs are paid a base salary as well as commissions on both renewed advertisements and new advertisements. They are paid seven percent on new business and three percent on advertisements which are renewed.'At issue is a clause in their employment contract which allows the defendant to deduct as a “charge back” against the commissions already earned on advertisements, which are not renewed, at the same three percent rate, which would have been credited to the plaintiffs had the cancelled advertisements been renewed. Plaintiffs, as a class, allege these funds amount to millions of dollars. Also at issue is the failure to pay for accrued Vacation time for those employees who leave employment for any reason prior to the end of the fiscal year.
Analysis <
With regard to the “charge back” issue, it is the position of the defendant that an employee in the circumstances previously described can, by means of a contract, waive the protective provision of section 193 of the Labor Law, This court holds that under the facts of this case the protective provisions of section 193 cannot be waived.
Section 193 of the Labor Law in pertinent part states:
“1. No employer shall make any deduction from the wages of an employee, except deductions which:
“a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
“b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on *521 the employer’s premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.
“2. No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.
“3. Nothing in this section shall justify noncompliance with article three-A of the personal property law relating to assignment of earnings, nor with any other law applicable to deductions from wages.”
Section 193 is designed to protect an employee who has earned monies from having charges made against their earnings except in limited circumstances.
In the case at bar, employees would suffer negative economic consequences through no fault of their own if a business did not renew its subscription. Many reasons would account for such failure to renew, i.e., economic downturn, advertising with another publication, or misjudging the amount of business which the advertisements were supposed to generate, are some examples.
This court fully realizes that it is an acceptable motivating strategy for the defendant to instill in their employees a desire to renew subscriptions and can certainly give a renewal bonus to its employees who maintain accounts for a number of years. This court simply holds that the defendant cannot charge its employees against monies already earned for the failure to renew accounts. The purpose of section 193 is to prohibit employers deducting from employees’ paychecks any wages already earned unless so required by law or for the benefit of the employee. (Matter of Hudacs v Frito-Lay, Inc., 90 NY2d 342 [1997].) It is clear to this court that the issue at hand concerning “charge backs” is what section 193 was enacted to protect against.
Accordingly, the court grants that portion of the plaintiffs’ cross motion for an order granting summary judgment as to liability on the issue of the “charge backs.”
*522 A trial to assess damages on the “charge backs” is required.
A copy of this order shall be served on the calendar clerk and accompany the note of issue when filed.
As to the issue of vacation pay, the contractual requirement that an employee must be working for the defendant as of July 1 to be credited with this benefit is prospective in nature, designed to keep valued employees on the job, before vacation benefits are earned. This court finds there is nothing improper requiring employees to fulfill this condition. (See Engstrom v Kinney Sys., 241 AD2d 420 [1st Dept 1997], lv denied 91 NY2d 801 [1997].)
Accordingly, the court grants that portion of the defendant’s motion for an order granting summary judgment dismissing the plaintiffs’ causes of action which seek datmages for vacation pay.