■ BRYAN GENNES et al., Respondents-Appellants, v YELLOW BOOK OF NEW YORK, INC., Appellant-Respondent. [806 NYS2d 646]—

In an action, inter alia, pursuant to Labor Law § 193 to recover wages wrongfully withheld and Labor Law § 198-c to recover vacation pay, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered March 25, 2004, as denied that branch of its motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 193, and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action, and the plaintiffs cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 198-c,

and granted that branch of the defendant's motion which was for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant Yellow Book of New York, Inc., was in the business of publishing telephone directories. The plaintiffs were employed by the defendant as account executives and were responsible for selling advertising space in the defendant's directories. A portion of the account executives' compensation, which was provided under a compensation policy, included commissions to be paid at varying rates depending upon the type of sale which was made. The compensation policy also provided for a deduction from the account executives' commissions for every existing account which they were assigned but failed to renew.

The Supreme Court properly determined that the deduction of commissions for accounts not renewed constituted a violation of Labor Law § 193. Labor Law § 193 provides that "[n]o employer shall make any deduction from the wages of an employee" unless those deductions are "made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency" or "are expressly authorized in writing by the employee and are for the benefit of the employee" (see P & L Group v Garfinkel, 150 AD2d 663, 664 [1989]). Wages are defined in Labor Law § 190 (1) as the "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis" (see Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223 [2000]; Tuttle v McQuesten Co., 227 AD2d 754, 756 [1996]). Whether a commission is earned is dependent upon the terms of the agreement providing for such commission (see Edlitz v Nipkow & Kobelt, 264 AD2d 437 [1999]; Caruso v Allnet Communication Servs., 242 AD2d 484, 485 [1997]; cf. D'Amato v Morgan Stanley Dean Witter Discover & Co., 268 AD2d 392 [2000]). Here, the evidence established that the defendant's compensation policy, which provided for the deduction from the plaintiffs' earned commissions in order to compensate for the company's losses, was a violation of Labor Law § 193 (see Edlitz v Nipkow & Kobelt, supra; Jacobs v Macy's E., 262 AD2d 607, 609 [1999]).

The Supreme Court also properly determined that the plaintiffs were not entitled to recover pursuant to Labor Law § 198-c for vacation pay that was accrued but unused at the time of their terminations. Labor Law § 198-c applies to an employer who is a party to an agreement to pay or provide benefits or wage supplements to employees (see Labor Law

§ 198-c [1]). The primary and dispositive issue in applying this section is whether there was any basis for the accrual of vacation benefits (*see Matter of Ross v Specialty Insulation Mfg. Co.*, 71 AD2d 766 [1979]; *cf. Paroli v Dutchess County*, 292 AD2d 513, 514 [2002]). Here, the agreement providing for the plaintiffs' vacation benefits expressly stated that "[n]o vacation time is accrued or payable if the account executive is not employed as of July 1 following the calculation period." Accordingly, account executives who were not employed as of July 1 following the calculation were excluded from the agreement providing for vacation benefits (*see Matter of Ross v Specialty Insulation Mfg. Co., supra; Matter of Glenville Gage Co. v Industrial Bd. of Appeals of State of N.Y., Dept. of Labor*, 70 AD2d 283, 285-286 [1979], *affd* 52 NY2d 777 [1980]). Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur. [*See* 3 Misc 3d 519 (2004).]