Louise M. Russo Kane, Appellant,
against
Daniel Ginnel, Defendant, and Ginnel Associates, Respondent.




Louise M. Russo Kane, appellant pro se.
Ginnel Associates, respondent pro se.

Appeal, on the ground of inadequacy, from a judgment of the Justice Court of the Town of Bedford, Westchester County (David A. Menken, J.), entered July 14, 2016. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiff the principal sum of $320.67 as against defendant Ginnel Associates.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $2,816, for payment in lieu of accrued vacation time to which she had allegedly become entitled at the time her employment with Ginnel Associates (defendant) was terminated, and for her salary for her final day of employment. At a nonjury trial, it was uncontested that, as of May 20, 2013, plaintiff had been employed by defendant for five years; that she had continued to work for defendant until January 20, 2014, when her employment had been terminated; that plaintiff's rate of pay had been $22 per hour; and that she had not been paid for her final day of employment or for any vacation days in calendar year 2014. Plaintiff claimed, in effect, that on January 1, 2014, following the May 20, 2013 five-year anniversary date of her employment, she had become entitled to three weeks of vacation pay for calendar year 2014. Defendant Daniel Ginnel did not contest plaintiff's claim to the extent that she sought to recover a payment in lieu of vacation time. He confirmed that it was defendant's policy to pay employees for three weeks of vacation [*2]in the calendar year following their five-year anniversary dates, but testified, in effect, that payment was only made for vacation time that had already accrued in the calendar year. Following the trial, the Justice Court awarded plaintiff the principal sum of $320.67 as against defendant, which, it found, constituted one day's pay and the value of the vacation time plaintiff had accrued through her final day of work.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally accorded to the credibility determinations of a trial court applies with greater force in the Small Claims Part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at 126). In addition, " 'a small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous' " (Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d 711, 711 [2016], quoting Forte v Bielecki, 118 AD2d 620, 621 [1986]). 
The determination as to whether a former employee is entitled to be paid for vacation time is generally governed by the contract between the parties (see e.g. Gennes v Yellow Book of NY, Inc., 23 AD3d 520, 522 [2005]; Matter of Glenville Gage Co. v Industrial Bd. of Appeals of State of NY, Dept. of Labor, 70 AD2d 283 [1979]; Colton v Sperry Assoc. Fed. Credit Union, 50 Misc 3d 129[A], 2015 NY Slip Op 51894[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Steinmetz v Attentive Care, Inc., 39 Misc 3d 148[A], 2013 NY Slip Op 50905[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). "The employee bears the burden of proving an entitlement to payment for vacation time" (Linwood v United Activities Unlimited, Inc., 43 Misc 3d 131[A], 2014 NY Slip Op 50612[U], *2 [App Term, 2d, Dept, 2d, 11th & 13th Jud Dists 2014]; see Grisetti v Super Value, 189 Misc 2d 800, 801 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]). 
Since plaintiff failed to establish that she had a contractual entitlement to be paid for vacation days on anything other than a pro rata basis, or to establish any other basis for recovering more than the pro rata vacation pay that the Justice Court awarded her, we find that the judgment of the Justice Court rendered substantial justice between the parties according to the rules and principles of substantive law (see UJCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment, insofar as appealed from, is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018