Scevola v New York Sports & Joints Orthopaedic Specialists PLLC (2023 NY Slip Op 00748)

Scevola v New York Sports & Joints Orthopaedic Specialists PLLC

2023 NY Slip Op 00748

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 154788/18 Appeal No. 17280 Case No. 2021-03994 

[*1]Jo-Ann Scevola, Plaintiff-Appellant,
v
New York Sports and Joints Orthopaedic Specialists PLLC et al., Defendants-Respondents.

David Wood, New York (David Wood and Robert Halpern of counsel), for appellant.
Law Office of Kenneth J. McCulloch, New York (Kenneth J. McCulloch of counsel), for respondents.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered August 18, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion with respect to plaintiff's breach of contract claims for travel reimbursement and failure to provide health insurance and a 401K plan and reinstate those claims, and otherwise affirmed, without costs. Appeal from so much of order, same court and Justice, entered on or about October 29, 2021, denying plaintiff's motion to renew the summary judgment motion, unanimously dismissed, without costs, as having previously been withdrawn (see M-2022-2896, entered September 6, 2022).
Plaintiff's claim that she was entitled to bonuses for meeting referral milestones was speculative, and she fails to raise an issue of fact sufficient to defeat summary judgment as to whether her employers maintained a referral tracking system (see Alvarez v Prospect Hosp., 68 NY2d 320, 327 [1986]). Plaintiff's employment contract does not entitle her to compensation for unused vacation days at the time of resignation, and she does not articulate a basis for such entitlement under the New York Labor Law (see Gennes v Yellow Book of N.Y., Inc., 23 AD3d 520, 522 [2d Dept 2005]). However, plaintiff's submissions raised an issue of fact sufficient to defeat summary judgment on her claims for travel reimbursement and defendants' failure to provide her an opportunity to enroll in health insurance and a 401K plan as guaranteed by her contract.
Moreover, we agree with the federal court finding that the 401K plan is not preempted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023