■ AZRAK-HAMWAY INTERNATIONAL, INC., Appellant, v HOME INSURANCE COMPANY, Defendant, and REGAL CONSOLIDATING & WAREHOUSING SERVICE CORPORATION, Respondent.— Judgment, Supreme Court, New York County (Myriam Altman, J.), entered April 17, 1990, granting summary judgment in favor of defendant Regal Consolidating & Warehousing Service Corporation, dismissing the third, fourth and fifth causes of action, unanimously affirmed, with costs. The appeal from the order of the same court entered on February 22, 1990, is unanimously dismissed in view of the entry of final judgment, without costs.

Plaintiff Azrak-Hamway International, Inc. entered into an agreement with Regal Consolidating & Warehousing Service Corporation whereby in return for compensation, as well as partial use of plaintiff's Elizabeth, New Jersey warehouse, Regal agreed to maintain, secure and operate that portion of the warehouse containing Azrak's toy merchandise. Pursuant to a December 21, 1984 inventory count, Azrak discovered that a substantial amount of its merchandise was missing from the warehouse. Although the warehouse receipts issued to Azrak by Regal, for the warehouse goods received, required that timely written notice of claim of warehouse losses be given to Regal and that the action be commenced within nine months of Azrak's knowledge of the loss, Azrak waited until February 26, 1986 before commencing the instant action for damages against Regal. Consequently, the instant action against Regal was properly dismissed as being time barred.

Furthermore, the IAS court properly declined to consider Azrak's parol evidence which sought to show that the parties entered into a contemporaneous verbal agreement governing their conduct without any time limitation on commencement of claims for loss of warehouse property. The subject warehouse receipt agreement was clear and unambiguous and thus, there was no need to resort to parol evidence to determine the plain meaning of the writing. Concur—Rosenberger, J. P., Wallach, Asch, Kassal and Smith, JJ.