■ RITA RIGGS, Appellant, v J. A. RIGGS, JR., Respondent. [613 NYS2d 454] —Peters, J. Appeal from an order of the Supreme Court (Bradley, J.), entered September 15, 1993 in Ulster County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff and defendant were married in 1986 and by February 1991 had entered into a separation agreement (hereinafter the agreement). Section 2 (B) therein provided for payments to plaintiff as follows: "The Husband shall cause the Wife, or if she is not living her estate, to receive the sum of $255,000 on or before twelve months from the date of this Agreement, without interest during that period. Such sum may be made up in whole or in part from the proceeds of the sale or transfer of the property listed below. The Husband shall have the right to determine the terms and conditions of any such sale or transfer of property." The agreement then listed three items: real property in West Camp, New York, real property in Amelia Island, Florida, and the funds in a money market account. The agreement provided in section 2 (C), the next succeeding clause, as follows: "If, twelve months from the date of this Agreement, the Wife or her estate shall have received less than $255,000, the Husband shall also owe the Wife or her estate interest at the rate of 8.5% compounded annually on the difference between $255,000 and the amount received by her or her estate from the date twelve months from the date of this Agreement until the $255,000 shall be paid in full." Additional payments of $5,000 per month for 72 months were also required by the terms of this agreement, thereby comprising a total payment to plaintiff of $615,000 under the terms thereof. Such additional monthly payments are not under review.

It is undisputed that by the end of the 12-month period after the execution of this agreement, defendant had paid $175,000 of the $255,000 to plaintiff. Plaintiff thereafter commenced this action for the remaining $80,000 plus interest. In finding the above terms to be ambiguous, Supreme Court found that section 2 (C) supported defendant's contention that the time provided to him to pay plaintiff the sum of $255,000

had not yet expired under the terms of the agreement. Supreme Court found that if the $255,000 was to be paid within the 12-month period following the execution of the agreement, there would be "absolutely no reason to include Section Two (C) which provides for interest on the unpaid balance after the expiration of the one year period". In interpreting the agreement as a whole, Supreme Court found that the overall intent was to have defendant obligated to pay plaintiff the $255,000 within a 72-month period, relying on the subsequent section of the agreement, previously referred to, which specifically provided a 72-month time frame for the conclusion of the monthly payments. We disagree.

It is well established that " '[u]nless the *conflict* [between two provisions] *is irreconcilable* * * * the principle prevails that contracts should be so construed as to give effect to every word and expression contained therein' " *(Birnbaum v Jamestown Mut. Ins. Co.,* 298 NY 305, 311, quoting *Kratzenstein v Western Assur. Co.,* 116 NY 54, 57). In the instant case, we find that the agreement unambiguously provides that the entire $255,000 was due to plaintiff 12 months after the execution thereof. The provision in section 2 (C) detailing the interest rate for any amount not yet paid within such time does not, in our view, render the 12-month period ambiguous. It is clear that had the interest-free debt not been paid when due, defendant would then owe interest on any amount not yet paid. Hence, we find that the inclusion of the provision for interest in no way precludes plaintiff from resorting to legal action at this time to collect the remaining moneys due her pursuant to section 2 (B) of the agreement. Such interpretation, unlike that given by the Supreme Court, gives full force and effect to the plain meaning of both section 2 (B) and section 2 (C) *(see, Hayes v Wightman,* 237 App Div 158, 161, *affd* 261 NY 708), as well as to the meaning and intent of the remaining provisions when the contract is viewed in its entirety *(see, Williams Press v State of New York,* 37 NY2d 434, 440).

In finding the terms of the agreement to be clear and unambiguous, parole evidence is not admissible to vary that meaning *(see,* Richardson, Evidence § 625, at 622 [Prince 10th ed]). As to all other contentions raised by defendant, we find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted and summary judgment awarded to plaintiff.