53 F.3d 338
 1995-1 Trade Cases P 71,011
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank J. DRACH; Audrey Drach, Plaintiffs-Appellants,
v.
AMERICAN KENNEL CLUB, INC., a corporation Mareth K. Kipp;
Frederick Kipp, Defendants-Appellees.
 No. 93-16893.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1995.*
Decided April 24, 1995.
 
 Before: TANG, SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Frank and Audrey Drach ("the Drachs") appeal the dismissal of their complaint by the district court on 12(b)(6) and lack of subject matter jurisdiction grounds. We affirm.
 
 A. Antitrust Claims
 
 3
 1. Section One of the Sherman Act (15 U.S.C. Secs. 1, 15, 26)
 
 
 4
 We affirm the district court's dismissal of the Drachs' restraint of trade claim because of their failure to allege any injury to competition within the breeding and selling market.
 
 
 5
 To sustain a claim for restraint of trade, the Drachs must allege that competition has been injured rather than merely competitors. Rutman Wine Co. v. E & J. Gallo Winery, 829 F.2d 729, 734 (9th Cir.1987). While the Drachs clearly plead injury to themselves, it does not necessarily follow that competition has been harmed. Id. Thus we conclude that the Drachs' Section One claim fails to state a claim upon which relief can be granted because it fails to allege that the Kipps and the AKC combined with the intent to or actually did, harm competition in the relevant market. Id. at 735. The Drachs merely allege an intent to injure the Drachs' ability to compete, resulting in harm to competition in the dog breeding business.
 
 
 6
 2. Section Two of the Sherman Act (15 U.S.C. Secs. 2, 15, 26)
 
 
 7
 We affirm the district court's dismissal of the Drachs' monopolization claims.
 
 
 8
 The Drachs allege that "the AKC enjoys a virtual monopoly in the United States for the registration and recognition of purebred dogs." The Drachs do not allege willful acquisition or maintenance of that power, however. Accordingly, we conclude that the Drachs' Section Two claim for monopolization fails to state a claim upon which relief can be granted. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 736 (9th Cir.1987).
 
 
 9
 The Drachs also allege that "the AKC has the power to exclude competition in the market of breeding and selling purebred dogs in which the [Drachs] compete." Their complaint, however, does not allege a specific intent to control prices or destroy competition in the relevant market. Accordingly, we conclude that the Drachs' Section Two claim for attempted monopolization fails to state a claim upon which relief can be granted. Morgan, Strand, Wheeler & Biggs v. Radiology Ltd., 924 F.2d 1484, 1491 n. 8 (9th Cir.1991).
 
 
 10
 The Drachs allege that the Kipps and the AKC combined to cause prospective purchasers of purebred Airedale Terriers to boycott the Drachs' Airedales. Nowhere do the Drachs allege a conspiracy for the purpose of attaining a monopoly. They merely allege that the AKC already "enjoys a virtual monopoly in the United States for the registration and recognition of purebred dogs, ..." Accordingly, we affirm the district court's dismissal of any conspiracy to monopolize claim for failure to state a claim upon which relief may be granted. Eichman v. Fotomat Corp., 880 F.2d 149, 162 (9th Cir.1989).
 
 
 11
 In sum, we affirm the district court's dismissal of the Drachs' entire Section Two claim.
 
 
 12
 3. Arizona Unlawful Restraint (A.R.S. Secs. 44-1402, 1408(B)) and Arizona Unlawful Monopoly (A.R.S. Secs. 44-1403, 1408(B))
 
 
 13
 We affirm the district court's dismissal of the Drachs' Arizona state antitrust claims.
 
 
 14
 To establish a violation of combination in restraint of trade, the Drachs must allege an agreement to attempt to control prices, or actually tend to control them, or unfairly stifle competition or free flow of trade or commerce. Bonney v. Northern Ariz. Amusement Co., 277 P.2d 248, 251 (Ariz.1954) (citation omitted). Because the Drachs did not allege such an agreement, we conclude the Drachs have failed to state an Arizona restraint of trade claim upon which relief can be granted.
 
 
 15
 Arizona's monopoly statute provides: "The establishment, maintenance or use of a monopoly or an attempt to establish a monopoly of trade or commerce, any part of which is within this state, by any person for the purpose of excluding competition or controlling, fixing or maintaining prices is unlawful." Ariz.Rev.Stat. Sec. 44-1403.
 
 
 16
 Case law construing this statute is sparse. The plain language of the statute, however, appears to require an allegation by the Drachs that the actions of the AKC and the Kipps had the purpose of excluding competition or controlling prices. Because the Drachs fail to allege such a purpose, we conclude the Drachs have failed to state an Arizona monopolization claim upon which relief can be granted.
 
 B. Breach of Contract and Bad Faith Claims
 
 17
 The district court dismissed these claims, sua sponte and without notice, on the ground that it lacked subject matter jurisdiction because the alleged damages would not exceed $50,000.
 
 
 18
 Arguably "[t]o the extent that the court thought [Plaintiffs] could not meet the jurisdictional minimum, it should not have dismissed without giving [them] an opportunity to present substantiation directed toward that issue." A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 88 (2d Cir.1991). We conclude, however, that where, as here, the Drachs could not, to a legal certainty, establish the jurisdictional amount in controversy, no such opportunity for substantiation need occupy the district court.
 
 
 19
 We find that the aggregate of the Drachs' claims cannot exceed $50,000. Even if the defective antitrust treble damages were to be included in the calculus, the Drachs would have to sustain damages with respect to nearly 3,000 Airedales. At most, the Drachs' complaint relates to several tens or hundreds of Airedales. Thus, we conclude that the Drachs would not be able to substantiate the jurisdictional amount in controversy on the remaining claims even if they were given an opportunity. We affirm the district court's dismissal of these claims.
 
 C. "Estoppel/Laches" Claim
 
 20
 We affirm the district court's dismissal of the Drachs' "estoppel/laches" claim.
 
 
 21
 Arguably, a jury could find that the AKC induced the Drachs to believe their dogs were purebred when, with the knowledge that the dogs were all-black, it registered their dogs. The Drachs informed the AKC that their dogs were all black; therefore, AKC knew or should have known that their dogs were all black. The main reason the registration certificates were revoked apparently was because the dogs were all-black. Until the summary revocation, the Drachs believed, based on the certificates of registration, that their dogs were purebred Airedales. Indeed, had the AKC denied the registration initially, the Drachs would never have had reason to believe their dogs were purebred.
 
 
 22
 Nonetheless, we affirm the district court's dismissal of this claim for the reason that, under either Arizona or New York law, these "claims" are affirmative defenses, not substantive claims. See Kromer v. Kromer, 575 N.Y.S.2d 904, 905-6 (N.Y.App.Div.1991); Flynn v. Rogers, 834 P.2d 148, 152 (Ariz.1992) (en banc). Thus, the Drachs could not plead any "claim" of estoppel or laches. In any event, the Drachs could not plead sufficient damages incurred by such reliance to meet the requisite jurisdictional amount in controversy.
 
 
 23
 D. Denial of Due Process/Fair Procedure Claim
 
 
 24
 We affirm the district court's dismissal of the Drachs' denial of due process claim.
 
 
 25
 First, to assert a denial of due process under the United States Constitution, the Drachs must show the existence of state action. Their complaint fails to allege that the AKC has acted on behalf of any state. Accordingly, we affirm the dismissal of any federal constitutional due process claim.
 
 
 26
 A common-law duty of fair procedure does exist, however, stemming from a California case, Pinsker v. Pacific Coast Society of Orthodontists, 526 P.2d 253 (Cal.1974). Giving Pinsker the most charitable construction, its reasoning suggests that when an organization creates a barrier to entry into a particular profession, it owes its members or would-be members a duty of fair procedure in determining membership.
 
 
 27
 No such common-law duty appears to exist under New York law. In Arizona, however, a line of cases borrowing the reasoning of the Pinsker decision have held that private medical establishments must comply with their own procedures when denying hospital privileges to physicians. See, e.g., Scappatura v. Baptist Hosp. of Phoenix, 584 P.2d 1195, 1199 (Ariz.Ct.App.1978) (concluding that the general rule precluding judicial review of discretionary decisions to deny hospital privileges does not apply where plaintiff claims hospital did not follow its own rules of procedure). Nevertheless, should such a duty exist in Arizona, the cases suggest that the attempt to attain membership in a professional organization or class (such as those doctors who are permitted hospital privileges) is the event that triggers the duty of fair procedure.
 
 
 28
 Although whether the Drachs can claim membership or exclusion from membership from the AKC is unclear, the actions of the AKC, if true as alleged, conceivably could impair the ability of the Drachs to conduct their business as breeders and sellers of purebred Airedale Terriers. The actions of the AKC in revoking the certificates of registration, however, do not appear to affect the membership, if any, of the Drachs in the AKC, nor their ability to conduct their profession. The actions merely affect the ability of the Drachs to sell these particular dogs as purebred Airedales, and perhaps affect their reputation as sellers of purebred Airedales. Hence, although there is indeed a common-law duty of fair procedure, it has apparently only been extended to narrow circumstances of membership in professional organizations. Thus we affirm the district court's dismissal of this claim.[1]
 
 E. Wrongful Interference Claim
 
 29
 We affirm the district court's dismissal of the Drachs' wrongful interference claim.
 
 
 30
 We conclude that, under either Arizona or New York law, the district court correctly determined that the Drachs failed to allege the existence of a contract; thus a claim for wrongful interference in an existing contract fails to state a claim for which relief may be granted. Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025, 1041, 1043 (Ariz.1985) (en banc) (citations omitted); Bernstein v. Aetna Life & Casualty, 843 F.2d 359, 366 (9th Cir.1988); Martin Ice Cream Co. v. Chipwich, Inc., 554 F.Supp. 933, 945 (S.D.N.Y.1983).
 
 
 31
 We note that the Drachs may have sufficiently alleged a claim for wrongful interference with prospective contractual relations under either Arizona or New York law. See Martin Ice Cream Co., 554 F.Supp. at 945 (wrongful interference with economic advantage claim is alleged by the defendant's interference with business relations existing between the plaintiff and a third party either (a) with the sole purpose of harming the plaintiff; or (b) by means that are "dishonest, unfair or in any other way improper."); Wagenseller, 710 P.2d 1025 (adopting the Restatement view of the law dealing with interference with contract); Restatement (Second) of Torts Sec. 766B (1979). Even if the Drachs have sufficiently alleged a claim for interference with prospective contractual relations, however, we conclude for the reasons stated above that the Drachs cannot allege the requisite jurisdictional amount in controversy. Thus we affirm the district court's dismissal of this claim.
 
 
 32
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Drachs rely heavily on Hatley v. American Quarter Horse Ass'n, 552 F.2d 646 (5th Cir.1977) to support their theory that a due process right exists under Arizona law. Hatley, however, contrues a right created by the Texas state constitution. We reject any argument for such a right under Arizona law which relies on Hatley