■ CRAIG STRUBLE, as Administrator of the Estate of ROBERT STRUBLE, Deceased, Appellant, v COVERLY W. CHAPMAN, Respondent. [635 NYS2d 314] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 20, 1994 in Ulster County, which denied plaintiff's motion for summary judgment.

Defendant executed and delivered two promissory notes to Robert Struble (hereinafter decedent). In the first, dated February 6, 1989, defendant promised to pay decedent the sum of $50,000, plus interest of $5,000, due September 30, 1989. In the second, dated February 24, 1991, defendant promised to pay decedent the sum of $25,000 within a year. In payment on the first note, defendant delivered to decedent motor vehicles valued at $24,954. Defendant did not pay any of the $5,000 due in interest on the first note. Defendant paid nothing on the second note.

In August 1992, decedent commenced the instant action to recover the sums due on both notes. Upon decedent's death, plaintiff, as administrator of decedent's estate, continued the action. Defendant defended the suit by asserting that he had executed the notes on behalf of his corporation, Chapman Auto Sales, Inc., as evidenced by the fact that the borrowed money had been deposited in Chapman's corporate bank account and the single payment made on the first note was remitted to decedent in the form of automobiles owned by Chapman. Defendant concluded that plaintiff should have named Chapman as a party defendant to this action. Plaintiff's subsequent motion for summary judgment was denied on the ground that defendant had raised a triable issue of fact as to whether he was the sole obligor on the notes. We reverse.

"[A] clear, complete document * * * should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *see, Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 269-270; *see also*, Fisch, NY Evidence § 42, at 22 [2d ed]). The language of the notes at issue here could not be more clear or unambiguous. The first note bears defendant's signature, "Coverly W. Chapman", and reads, in pertinent

part, "I promise to pay Robert Strubel *[sic]* $50,000". The second note reads "I Coverly W. Chapman promise to pay Robert Struble Twenty five Thousand Dollars" and is signed "C.W. Chapman". With the exception of Chapman's printed letterhead at the top of the first note, neither document mentions the corporate identity of either party.

The plain meaning of the language used in the notes is obvious. Defendant, who drafted and handwrote both notes, made himself individually and exclusively liable for the sums borrowed from decedent (*see, Bernstein v Sosnowitz*, 198 AD2d 204, 205). Accordingly, we conclude that Supreme Court erred in denying plaintiff's motion for summary judgment.

Mikoll, J. P.; Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff.