■ GREGORY D. TUTTLE, Respondent, v GEO. McQUESTEN COMPANY, INC., Appellant. [642 NYS2d 356] —Peters, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered June 28, 1995 in Albany County, which, *inter alia*, granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

In December 1984, plaintiff was hired by defendant as the branch and sales manager of its wholesale lumber business located in the Town of Guilderland, Albany County.* In connection therewith, plaintiff assumed sales responsibilities as well as general managerial and administrative duties. Plaintiff's initial compensation package consisted of a base salary plus commissions calculated at 25% of total gross margin earned on sales, less various operating expenses and charges. In July 1985, plaintiff's compensation package was revised whereby the base salary was eliminated and replaced with straight commission, subject to a guaranteed minimum.

In December 1985, plaintiff's compensation package was again revised to reflect an annual salary of $60,000 per year, plus commissions, based upon the terms of a compensation "plan" presented by defendant. It provided, in relevant part, as follows:

"[a]ny amount of [plaintiff's] gross income in excess of $75,000 for any fiscal year * * * will be divided into three equal payments with one third being due for payment at the end of the year in which it is earned, one third payable at the end of the following year and the final one third payable at the end of the next following year. As an example if it were determined that your total income for year end 3/31/86 was $120,000, the $45,000 in excess of $75,000 would be paid as follows:

"$15,000 on 5/30/86
"$15,000 on 5/30/87
"$15,000 on 5/30/88."

---

* Defendant is headquartered in Massachusetts and has sales offices and warehouses in several locations, whereby it purchases lumber wholesale from producers and sells it to retail lumber companies.

The plan required, with minimal exception, that in order to receive what defendant termed as "hold over monies", plaintiff had to be employed by defendant at the time that these payments came due.

In May 1993, plaintiff resigned and requested that defendant pay him all "hold over monies" withheld from him pursuant to the aforementioned compensation plan. Defendant refused plaintiff's request, prompting the commencement of this action in December 1994 seeking, *inter alia*, payment of the money, plus interest, due to alleged violations of Labor Law §§ 190 and 193 and Federal ERISA statutes (*see*, 29 USC § 1001 *et seq.*). After joinder of issue and cross motions for summary judgment, plaintiff was granted partial summary judgment by successfully establishing that the withheld moneys constituted "wages" pursuant to Labor Law § 190 and, thus, under Labor Law article 6, defendant was not entitled to withhold these payments as a matter of law (*see*, Labor Law § 193). Defendant appeals, contending that the withheld moneys are not "wages" as defined by Labor Law § 190 but, rather, represent an incentive compensation plan not entitled to the statute's protection.

The determinative issue on this appeal is the applicability of Labor Law article 6. Upon our review of the record, we agree with Supreme Court that due to the unambiguous terms of the parties' written compensation agreement, summary judgment was appropriately granted (*see*, *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162-163; *Long Is. R. R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 461; *Struble v Chapman*, 222 AD2d 856; *Riggs v Riggs*, 205 AD2d 864).

Addressing defendant's first contention that since plaintiff's employment was primarily managerial he would not be an "employee" entitled to the protections of Labor Law article 6, we note that Labor Law § 190 defines all relevant terms for specific application to this article. Therein, it defines an " 'Employee' " as "any person employed for hire by an employer in any employment" (Labor Law § 190 [2]). Acknowledging that Labor Law § 190 also defines other types of employees for those instances when specific reference is made in various provisions of this article and that such definitions include that of a " 'commission salesman' " which excludes "an employee whose principal activity is of a supervisory, managerial, executive or administrative nature" (Labor Law § 190 [6]), we find that since the specific statutory violations alleged here make continual reference to the general term "employee" (*compare*, Labor Law §§ 193, 198, *with* Labor Law § 191), plaintiff must be afforded

statutory protection (see, Daley v Related Cos., 179 AD2d 55, 57-58; see also, Matter of Dean Witter Reynolds v Ross, 75 AD2d 373; Klepner v Codata Corp., 139 Misc 2d 382, affd 150 AD2d 994).

As to defendant's contention that the money at issue is a form of incentive compensation and, as such, does not fall within the definition of " 'Wages' " pursuant to Labor Law § 190 (1), again we disagree based upon the terms of the compensation plan in question (cf., Matter of Dean Witter Reynolds v Ross, supra, at 381-382). Wages are defined in Labor Law § 190 (1) as the "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis". The plan here at issue, notably written by defendant, explicitly states that for each year, the first third of the deferred amount of plaintiff's gross income in excess of $75,000 will be "due" at the end of the fiscal year in which it is "earned". By such clear and unambiguous language, summary judgment was appropriately granted on this issue since, pursuant to the terms of the parties' agreement, plaintiff had a vested right to these moneys at the time of his resignation (see, W.W.W. Assocs. v Giancontieri, supra, at 162-163; Struble v Chapman, supra; Riggs v Riggs, supra). Upholding a forfeiture thereof would be violative of public policy (see, Weiner v Diebold Group, 173 AD2d 166, 167; see also, Cohen v Lord, Day & Lord, 75 NY2d 95).

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.