■ GREGORY D. TUTTLE, Respondent, v GEO. McQUESTEN COMPANY, INC., Appellant. [664 NYS2d 641] —Peters, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered September 13, 1996 in Albany County, which, *inter alia*, granted plaintiff's motion for partial summary judgment.

The underlying facts relevant to this matter have been fully reviewed by us in our prior decision (227 AD2d 754) where we found that Supreme Court correctly determined, on a motion for partial summary judgment, that defendant violated Labor Law article 6 when it withheld plaintiff's wages. Supreme Court further awarded plaintiff the $48,275.90 relief requested in his complaint.

The current appeal stems from a second motion for summary judgment which resulted in an award to plaintiff of additional moneys. Supreme Court noted that at the time of the original motion for partial summary judgment, plaintiff's counsel explained that while the demand for relief was for a sum certain, plaintiff was unable to ascertain the precise amount which he would be owed for the last two months of his employment. He thus requested that a hearing be conducted pursuant to CPLR 3212 (c) to determine that amount. Supreme Court ordered defendant to pay the amount requested, reserving for later determination the amount due for the last two months. It was upon this basis that Supreme Court granted plaintiff's second motion for summary judgment. Defendant now appeals, alleging that such award was improper.

Recognizing that multiple motions for summary judgment are discouraged, it is well settled that where a party can show newly discovered evidence or sufficient cause, more than one motion is permissible within the same action (*see, Schriptek Mktg. v Columbus McKinnon Corp.*, 187 AD2d 800, 801, *lv denied* 81 NY2d 704; *Manning v Turtel*, 135 AD2d 511, 511-512). Since Supreme Court fully noted in its second determination that it was not until further discovery proceeded that the additional amounts could be ascertained, we find that the court acted properly with no prejudice enuring to defendant (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3017:5, at 115).

We further agree with the award of summary judgment, there being no triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557). Plaintiff's proffer was based upon defendant's sales figures for the 1993-1994 fiscal year. These figures were culled from the "manager's compensation schedule", provided by defendant, which detailed the monthly profit for the relevant months before general and administrative costs. While defendant contended that such document should not have been used to determine the amount claimed to be owed, he failed to proffer contrary proof (*see, id.*). Accordingly, we decline to disturb the judgment.

Having already determined that the terms of the compensation agreement were "clear and unambiguous" and that plaintiff had a "vested right to these moneys at the time of his resignation" (227 AD2d 754, 756, *supra*), the mere assertion of a counterclaim will not serve to undermine the "strong legislative policy aimed at protecting an employee's right to wages earned" (*P & L Group v Garfinkel*, 150 AD2d 663, 664).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.