■ ⸰ RMS PARTNERS TIVOLI COMPANY et al., Appellants, v WALTER F. UCCELLINI, Respondent. [702 NYS2d 204] —Peters, J. Appeal from a judgment of the Supreme Court (Lang, Jr., J.), entered April 23, 1999 in Rensselaer County, upon a decision of the court in favor of defendant.

Defendant, president and majority shareholder of United Investors Realty Corporation (hereinafter UIRC), entered into three identical contracts on behalf of UIRC with each plaintiff for the purchase and sale of three commercial properties in Florida, owned by each plaintiff separately. While the original contracts required that the transaction close by December 31, 1993, that date was postponed and new contracts were executed (hereinafter referred to as the restated contracts) which wholly superceded the original contracts.

The restated contracts clearly reflect that UIRC intended to finance the purchase of these properties through a public offering of a real estate investment trust (hereinafter REIT) which required, as reflected in such contracts, that a registration statement (hereinafter S-11) be filed with the Securities and Exchange Commission (hereinafter SEC) by February 11, 1994.* The restated contracts further required that defendant execute a promissory note in favor of plaintiffs in the amount of $500,000 to be secured by a mortgage. In the event that UIRC failed to close on these contracts by the outside date set forth therein—May 31, 1994—or failed to file the S-11 with the SEC by February 11, 1994, plaintiffs were given the option to terminate the contracts and retain, as liquidated damages, the $500,000 secured by the promissory note. The restated contracts further provided that if UIRC ultimately filed the S-11 within 30 days of February 11, 1994, plaintiffs were required to refund $250,000 of the amount designated as liquidated damages.

---

* Unlike the original contracts, however, the restated contracts did not require a REIT to be formed or provide that an assignment could only be made to a REIT or an entity owned by defendant.

The restated contracts were amended by addendum No. 1 which extended UIRC's time to file with the SEC until March 31, 1994 and repealed that provision which granted a partial refund if the S-11 was filed within 30 days after the filing deadline (an irrelevant change since the S-11 was timely filed). Addendum No. 2, executed on May 16, 1994, again extended the closing date from May 31, 1994 to June 30, 1994, making UIRC liable for costs that were previously plaintiffs' responsibility. By a modification agreement dated June 29, 1994, the contracts were amended to further extend the closing date to August 15, 1994, otherwise ratifying and confirming the contracts in all other respects. The parties also executed a letter on June 29, 1994 additionally granting plaintiffs the right to terminate the contracts if an amended S-11 incorporating the subject properties was not refiled with the SEC by August 1, 1994 or if the REIT had not been "priced" by Merrill Lynch by August 8, 1994. By letter dated August 2, 1994, plaintiffs notified defendant that pursuant to the June 29, 1994 letter, they were terminating and canceling the contracts due to UIRC's failure to refile the amended S-11 with the SEC by August 1, 1994. Citing specific sections of the contracts, they demanded payment on the note as liquidated damages.

This action was commenced in September 1994 pursuant to CPLR 3213 with plaintiffs moving for summary judgment in lieu of complaint. Countering the contention that $500,000 was owed in liquidated damages, defendant contended that UIRC filed the S-11 with the SEC by the March 31, 1994 deadline and, therefore, pursuant to the terms of the restated contracts as amended, plaintiffs did not have a right to either terminate or retain the $500,000. Supreme Court (Ceresia, Jr., J.) denied plaintiffs' motion as well as their cross motion, after joinder, which was affirmed by this Court (249 AD2d 788).

After a nonjury trial, Supreme Court (Lang, Jr., J.) determined that defendant's failure to file an amended S-11 with the SEC did not trigger a right to liquidated damages by the terms of the restated contracts as amended. The court also rejected any contentions alleging an anticipatory breach since UIRC had the opportunity to perform the contracts by August 15, 1994 if plaintiffs had not prematurely terminated. Within this context, it noted that an amended S-11 would only have to be filed in connection with the originally contemplated REIT and that its formation was neither a requirement for closing nor necessary to fund the purchase price under the restated contracts as amended. Plaintiffs appeal.

While the parties agreed to be bound by Florida law,

procedural issues will be determined by New York law. In this posture, we "may independently consider the probative weight of the evidence and the inferences to be drawn therefrom and grant the judgment we deem appropriate" (*Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823). In this context, we shall ascertain "the intention of the parties from the language used, apparent objects to be accomplished, other provisions in the agreement which might shed light on the question, and the surrounding circumstances at the time the agreement was entered into" (*J & S Coin Operated Machs. v Gottlieb*, 362 So 2d 38, 39 [Fla]; *see, Terex Trailer Corp. v McIlwain*, 579 So 2d 237, 242 [Fla]).

Upon our review of the restated contracts as modified and amended, we cannot find any basis upon which liquidated damages should be awarded. Liquidated damages were provided for in the restated contracts only if the SEC filing was not completed by February 11, 1994 or, as later amended, by March 31, 1994. It further provided for liquidated damages if the parties did not close by the outside date, originally designated as May 31, 1994 and later extended to August 15, 1994. Addendum No. 1 revised the liquidated damages provision pertaining to the SEC's filing requirement but extended that deadline until March 31, 1994, which was met. Leaving that portion of the liquidated damages provision intact if there was a failure to close by the outside date, we next review addendum No. 2 which, for these purposes, simply extended the outside date to June 30, 1994, later extended to August 15, 1994. Left with the provisions of the June 29, 1994 letter and modification agreement, we find it clear that no provision therein specified that a failure to refile the S-11 would revive the liquidated damages provision contained in addendum No. 1 which was satisfied by the timely original filing.

In further viewing the apparent objects to be accomplished by these contracts, we find it evident from the testimony proffered that it was originally contemplated that there would be a public offering of shares in the REIT to fund the purchase. By the time of the restated contracts, however, the formation of a public REIT was no longer a condition of closing. As various obstacles were presented which required extensions of the outside closing date as well as an assessment of the viability of the public market, sufficient evidence indicates that parallel funding paths were being pursued. These other parallel funding concepts, both public and private, did not require an "amended" S-11 to be filed.

Finally, upon reviewing the testimony of Stanley Katz,

plaintiffs' negotiator, as to the circumstances surrounding the execution of the June 29, 1994 letter and modification agreement (*see, Terex Trailer Corp. v McIlwain*, 579 So 2d 237, 242, *supra; Lang v Corbitt*, 381 So 2d 1190, 1191 [Fla]; *J & S Coin Operated Machs. v Gottlieb*, 362 So 2d 38, 39, *supra*), we find no basis to support his contention that the parties orally agreed to liquidated damages upon a failure to refile the S-11 by the August 1, 1994 deadline. The restated contracts expressly mandated that all modifications be reduced to writing; the June 29, 1994 letter and modification agreement prepared by plaintiffs notably failed to so include such amendment, despite Katz's assertion that it was determinative to his agreement for the further extension of the closing date.

For all of the foregoing reasons, we hereby affirm the judgment rendered.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.