■ CRAIG STRUBLE, as Administrator of the Estate of ROBERT STRUBLE, Deceased, Plaintiff, v COVERLY W. CHAPMAN, Defendant and Third-Party Plaintiff-Respondent. CHAPMAN AUTO SALES, INC., et al., Third-Party Defendants, and GEORGE WOLECKI, Third-Party Defendant-Appellant. [711 NYS2d 269] —Peters, J. Appeals (1) from two judgments of the Supreme Court (Williams, J.), entered May 28, 1999 and June 10, 1999 in Ulster County, upon a decision of the court in favor of defendant against third-party defendants Chapman Auto Sales, Inc. and George Wolecki, and (2) from an order of said court, entered November 24, 1999 in Ulster County, which denied third-party defendant George Wolecki's motion to vacate the prior judgment.

This third-party action stems from defendant's execution and delivery of two promissory notes to Robert Struble (hereinafter decedent[1]) owner of a used car dealership. The first promissory note, dated February 6, 1989, was written on Chapman Auto Sales, Inc. (hereinafter CAS) letterhead, signed by defen-

---

1. When decedent died, plaintiff, as administrator of decedent's estate, continued the action (222 AD2d 856).

dant, the sole shareholder in CAS, in his individual capacity, promising to pay decedent $50,000 plus interest by September 30, 1989. The second promissory note, dated February 24, 1991 and written on plain paper, stated that defendant promised to pay decedent $25,000 within one year. At that time, defendant owned 50% of the shares in CAS, having only one other partner. Defendant maintained that the funds from the first note were deposited into the CAS bank account, with payments on such note made by the delivery of various used automobiles to decedent's dealership. Other than documentation showing the transfer of various automobiles to such dealership from 1990 to 1991, no corporate books or records reflect that the funds from these notes were deposited into the CAS corporate bank account or that CAS had, in any manner, assumed this debt.

In 1991, third-party defendants George Wolecki, a certified public accountant, and David R. Hosler, the then current bookkeeper for CAS, examined the corporate books and records and purchased 50% of its shares. Defendant remained the general manager while Hosler continued as the bookkeeper with Wolecki assuming the monthly review of corporate books and the preparation of the corporate tax return. By February 1994, Wolecki and Hosler purchased defendant's remaining interest in CAS and, as part of that purchase, executed a sales agreement that forms the basis of this underlying third-party action. That agreement contained a clause which indemnified defendant for personal liabilities related to CAS. Defendant admitted that there were specific discussions with Hosler and Wolecki concerning corporate liabilities prior to their execution of this sales agreement, yet these particular promissory notes were never discussed.

When the amounts due on the two promissory notes remained unpaid, decedent commenced an action and ultimately moved for summary judgment. Defendant's contention that the notes were signed on behalf of the corporation or for corporate purposes, undermining any liability, was successful. On appeal, we reversed and granted judgment to plaintiff, holding that defendant was "individually and exclusively liable" for the amount owed on the notes (222 AD2d 856, 857). Therein, we noted that "[t]he language of the notes at issue here could not be more clear or unambiguous" (id., at 856).

Defendant thereafter commenced this third-party action against CAS, Hosler and Wolecki seeking indemnification. In October 1996, Wolecki unsuccessfully moved for summary judgment. In October 1998, a trial commenced which ultimately

awarded defendant judgment against CAS and Wolecki. Thereafter Wolecki became aware of this Court's prior decision and moved to vacate the underlying judgment. Supreme Court, never having been advised of our underlying determination, denied the motion, prompting these appeals.[2]

In a nonjury trial we " 'may independently consider the probative weight of the evidence and the inferences to be drawn therefrom and grant the judgment we deem appropriate' " (*RMS Partners Tivoli Co. v Uccellini*, 268 AD2d 824, 826, quoting *Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823). In our view, the record compels a conclusion that Wolecki signed a clear and unambiguous agreement to pay the personal debts of defendant relating to CAS (*see, Greater Johnstown School Dist. v Frontier Ins. Co.*, 252 AD2d 615, 616). Yet, since the prior decision of this Court found defendant to be "exclusively" liable for these debts and the trial record here fails to reveal sufficiently probative evidence that these personal debts were, at any point, converted to a corporate debt either through corporate documentation or ratification by the remaining shareholders, we must reverse. Upon this determination, we need not address the subsequent denial of the motion to vacate the prior judgment.

Crew, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgments are reversed, on the law, without costs, and judgment entered in favor of third-party defendants. Ordered that the appeal from the order is dismissed, as moot, without costs.

---

**2.** As a result of his filing for bankruptcy in September 1996, Hosler was no longer part of the action.